# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MARCUS RAMOS,** ) | **CASE NO. 1:18 CV 1018** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **LORAIN COUNTY** ) | |
| **CHILDREN SERVICES,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Marcus Ramos filed this action under 42 U.S.C. § 1983, on behalf of himself and Lametra Phillips, against Lorain County and the State of Ohio. In the Complaint, Plaintiff alleges his children were removed from their home after Plaintiff committed domestic violence against Phillips. He contests this decision and seeks $ 700,000.00 in damages.

## I. BACKGROUND

Although his Complaint is 142 pages long, it is composed almost entirely of excerpts of statutes, newspaper and magazine articles, cases, treatises and the complete Ohio Juvenile Rules. It contains very few factual allegations.

Plaintiff alleges an incident occurred in Youngstown, Ohio on March 31, 2017, which resulted in charges being brought against him for domestic violence against the mother of his children, Lametra Phillips. The charges were dismissed on April 3, 2017. That same day,

Phillips relinquished the children to Plaintiff and went to stay with her mother. Plaintiff contends the situation calmed down until the Lorain County Children Services began to pursue him for a matter pending in Lorain County. Plaintiff attempted to obtain civil protection orders against two case workers and mistakenly believed that serving his Motion for a Protection Order on the Defendants automatically triggered the remedy he sought, unless and until the Judge denied it. Mahoning County Children Services and law enforcement personnel became involved and served a warrant on Plaintiff to take the children. They were placed in foster care. Plaintiff states that Lorain County Children Services "is subject to the bounds of the 4th and 14th amendment[s] of the US constitution... ." (ECF No. 1 at 3). He further contends they violated "parents civil and human rights." He seeks monetary damages.

## II. LAW AND ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

The Court takes notice that this is the third case Plaintiff filed against the Lorain County Children Services Agency pertaining to this incident. *See Ramos v. Lorain County Children Services*, No. 1:17 CV 2405 (N.D. Ohio Mar. 29, 2018)(Gwin, J.); *Ramos v. Lorain County Children Services*, No. 1:17 CV 2589 (N.D. Ohio Apr. 9, 2018)(Nugent, J.). Both of the prior cases were dismissed on the merits.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty,

discourage multiple litigation and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff is therefore precluded from litigating this matter for a third time.

Up to this point, the Courts in this District have been tolerant of Plaintiff's *pro se* filings; however, there comes a point when Courts can no longer allow Plaintiff to misuse the judicial system at tax payer expense. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. *In re Sindram*, 498 U.S. 177, 179-80 (1991); *In re McDonald*, 489 U.S. 180, 184 (1989). For this reason, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted)). After a careful review of Plaintiff's repetitive filings, the Court determines it is necessary to impose some restrictions on Plaintiff's ability to continue on in this manner.

For each of the cases Plaintiff filed against Lorain County Children Services, he sought and was granted permission to proceed *In Forma Pauperis*. Proceeding *In Forma Pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous,

harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir.1989) (per curiam). Plaintiff is cautioned that if he files another lawsuit against the Lorain County Children Services or its employees pertaining to this incident, the Court will deny him permission to proceed *In Forma Pauperis* and require payment of the entire filing fee.

### III. CONCLUSION

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

                              s/ Christopher A. Boyko
                              CHRISTOPHER A. BOYKO
                              UNITED STATES DISTRICT JUDGE

DATED: August 13, 2018

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.